THE STATE OF OHIO, APPELLEE, *v.* SWANSON, APPELLANT.

(No. 47172—Decided March 19, 1984.)

*Mr. John T. Corrigan,* prosecuting attorney, for appellee.

*Mr. Edward G. Hack,* for appellant.

DAY, C.J. Defendant-appellant,

[1] The defendant is the nephew of Scarver's former wife.

Bennie L. Swanson (defendant), appeals his criminal conviction, following a jury trial, for aggravated burglary (R.C. 2911.11) and petty theft (R.C. 2913.02).

For reasons adduced below, the judgment is reversed.

## I

At approximately 11 p.m. on February 6, 1982, the third floor apartment of Arthur Scarver was burglarized. Scarver resided in a duplex located at 10118 North Boulevard, Cleveland. Although Scarver was absent from the apartment at the time of the break-in, two other residents of the building were there. From the second floor bedroom Lillian Jones heard unusual commotion on the third floor. She called up the stairs from the hallway. The locked door from Scarver's apartment was kicked open and a light-skinned, young black man ran down the stairs into Jones. The hall light was on. They collided and she got a good look at him face to face.

Steve Johnson was watching television on the first floor of the building when he heard Jones yell excitedly to him to catch someone. The burglar came within five or six feet of Johnson when running by him on the way out of the house. Johnson saw the perpetrator's face. He recognized him as a relative of Scarver's who had previously visited 10118 North Boulevard. Johnson informed Scarver that the defendant had broken into Scarver's apartment.[1] Johnson gave police the same information later that night.

A few days after the break-in, Jones selected the defendant's photograph from a display presented by the authorities at police headquarters.[2] She testi-

[2] Her testimony indicated that the photo display was not conducted in an unduly suggestive manner. Defendant's counsel did not probe the circumstances of the identification procedure. No error relating to the photo display is claimed on appeal.

fied that the burglar wore a skull cap. No hair was visible. He had no mustache, and was much smaller in size than herself.[3] Johnson said that the perpetrator wore a skull cap which covered his hair. Johnson knew that at the time of the incident the defendant did not have a mustache but did have a short patch of beard.

The defendant was arrested in July 1982, when police, responding to a domestic violence complaint by defendant's wife, discovered that an arrest warrant for him was outstanding. At trial, defendant claimed that he was mistakenly identified and presented an alibi.

## II

On appeal defendant assigns three errors:

Assignment of Error No. I

"The trial court erred in not permitting defense counsel to supplement the voir dire of the jury in a nonabusive manner."

Assignment of Error No. II

"The trial court erred in its instruction to the jury by giving a definition of reasonable doubt which was expanded beyond the statutory definition, to which trial counsel objected, and the trial court refused to change or otherwise correct."

Assignment of Error No. III

"The trial court committed plain error in not instructing the jury on the potential unreliability of eyewitness testimony, given the factual circumstances of this case and/or it was ineffective assistance of counsel not to make a request for such a jury instruction."

## III

Assignment of Error No. I challenges the voir dire procedure.

Crim. R. 24(A) governs voir dire. It provides in part:

"The court may permit the attorney for the defendant, or the defendant if appearing pro se, and the attorney for the state to conduct the examination of the prospective jurors or may itself conduct the examination. In the latter event, the court shall permit the state and defense to supplement the examination by further inquiry."

Prior to the adoption of the Criminal Rules, Ohio practice permitted counsel reasonable opportunity to personally examine prospective jurors. *State* v. *Anderson* (1972), 30 Ohio St. 2d 66, 72 [59 O.O.2d 85]. Enactment of Crim. R. 24 did not abrogate that rule. *State* v. *Procter* (1977), 51 Ohio App. 2d 151, 154-156 [5 O.O.3d 309]. The court nevertheless retains discretion to reasonably limit counsel's voir dire. *State* v. *Bridgeman* (1977), 51 Ohio App. 2d 105, 109-110 [5 O.O.3d 275]. Unreasonable and excessive limitation may trench upon the litigant's ability to challenge prospective jurors intelligently. For it may deprive counsel of the information necessary to an informed action. The trial court did interrupt counsel twice — once when he was emphasizing the importance of objectivity and impartiality by the jurors; and once when he was explaining that a preliminary hearing establishes nothing more than probable cause. These points had already been covered by the court. Defense counsel was allowed to go into previously unexplored areas to determine whether any of the veniremen had a prejudice against the defendant due to race, had close friends or relatives who had been victims of crime, or had a bias against the defense of alibi. Under these cir-

---

[3] Jones testified that she was five feet, seven and one-half inches tall. Johnson figured the burglar's size as much smaller than hers: "three-and-a-half to four feet tall or maybe a little bigger. I don't know exactly." Defendant testified he was five feet, five inches, one hundred forty pounds.

cumstances the court's limitation of counsel's opportunity to participate in voir dire cannot be said to have been unreasonable.

Assignment of Error No. I lacks merit.

## IV

Assignment of Error No. II claims error in the charge on reasonable doubt. The trial court judge read the statutory definition.[4] Rather than stopping with the definition that the legislature has deemed sufficient and complete, the court went on to amplify it.[5] In applying *State* v. *Sargent* (1975), 41 Ohio St. 2d 85, 90-92 [70 O.O.2d 169], the court in *State* v. *Seneff* (1980), 70 Ohio App. 2d 171, 176-181 [24 O.O.3d 215], advised against *any* enlargement of the statutory definition.[6] The two previous warnings in *Lewis* and *Seneff* against the exact amplification given in the present case[7] have gone unheeded. Apparently warnings have been insufficient to shape this trial court's conduct. It seems that effective teaching requires a sanction. What admonition will not do, perhaps reversal will.

Assignment of Error No. II is well-taken.

## V

Assignment of Error No. III attacks the failure to give the so-called *Telfaire* instruction[8] on the problematic nature of eyewitness identification.

This special instruction was not requested at trial and Crim. R. 30(A) precludes the issue from being raised on appeal unless it amounts to plain error under Crim. R. 52(B), see *State* v. *Gideons* (1977), 52 Ohio App. 2d 70, 77-78 [6 O.O.3d 50]; *State* v. *Long* (1978), 53 Ohio St. 2d 91, 96-97 [7 O.O.3d 65]. The standard for plain error is whether substantial rights of the accused are so adversely affected as to undermine the "fairness of the guilt determining process," *Gideons, supra,* at 77. Identification of the defendant was the key issue in this case. Thus, plain error may be implicated.[9] However, the infirmities associated with eyewitness identification are absent. The circumstances surrounding the observation were optimum.[10] One eyewitness was acquainted with the defendant and recognized him immediately. The other

---

[4] See R.C. 2901.05(D).

[5] The additional language repeated verbatim the language of the enlargement criticized in *State* v. *Lewis* (May 6, 1982), Cuyahoga App. No. 43987, unreported, at 17. In *Lewis,* there was an admonition:
"The trial court's supplemental definition of reasonable doubt adds nothing to the statutory definition. It is an unnecessary and verbose exhortation. We strongly encourage the trial court to eliminate this language from its set of jury instructions, and for the prosecutor's office to assist the Court of Common Pleas in this matter."

[6] The condemned language in *Seneff, supra,* also appears in the present case.

[7] See footnotes 5 and 6, *supra.*

[8] The instruction was recommended in *United States* v. *Telfaire* (C.A. D.C. 1972), 469 F. 2d 552. Use of the *Telfaire* instruction in appropriate cases has been approved by the Ohio Supreme Court. *State* v. *Guster* (1981), 66 Ohio St. 2d 266, 272-273 [20 O.O.3d 249].

[9] Defendant also argues under Assignment of Error No. III that his counsel's failure to request the *Telfaire* instruction amounted to ineffective assistance of counsel. The disposition of the *Telfaire* claim disposes of the ineffectiveness issue.

[10] Lighting was adequate, the attention of both eyewitnesses was riveted exclusively on the perpetrator, he and the witnesses were face to face at close range, the perpetrator was in view while he descended a full flight of stairs and one of the witnesses knew him before the incident.

made a positive identification in an unchallenged photo display selection just a few days after the incident while her memory was still fresh. On these facts the omission of the *Telfaire* instruction was harmless error, if error at all.

Assignment of Error No. III lacks merit.

## VI

The judgment is reversed and the cause is remanded for a new trial according to law.

*Judgment reversed
and cause remanded.*

JACKSON, J., concurs.

PARRINO, J., concurs in part and dissents in part.

PARRINO, J., concurring in part and dissenting in part. I concur in the majority's resolution of the first and third assignments of error but dissent from their decision on the second assignment of error.

The issue under appellant's second assignment of error is whether the trial court's amplification of the statutory definition of reasonable doubt prejudiced appellant and thereby denied him a fair trial.

The statutory definition of reasonable doubt is clearly recited in R.C. 2901.05. If a trial court seeks to amplify that definition it must do so with great caution. Amplification, however, must be erroneous and prejudicial to the complaining party before the judgment of the trial court will be disturbed. *State* v. *Sargent* (1975), 41 Ohio St. 2d 85 [70 O.O.2d 169]; *State* v. *Seneff* (1980), 70 Ohio App. 2d 171 [24 O.O.3d 215].

In the case *sub judice* the jury's verdict was supported by evidence proving appellant's guilt beyond a reasonable doubt. Error, if any, in the trial court's amplification of the term reasonable doubt was harmless.

Under the circumstances I do not believe that "effective teaching" requires a "sanction" of reversal where prejudicial error has not intervened.

For these reasons I respectfully dissent.

I would affirm.