Defendant-appellant, Billy McCane ("appellant"), appeals his jury conviction in the Butler County Court of Common Pleas for complicity to an aggravated robbery with a gun specification. We affirm.
On November 6, 1997, appellant and Adam Herndon ("Herndon") were picked up by their friend Bryan McGaha ("McGaha"), and the three drove to Forest Fair Mall in McGaha's car. McGaha parked in a handicapped space and stayed in the car while appellant and Herndon went into the Kohl's department store at the mall. Appellant and Herndon returned within five minutes, when the three saw Cynthia Toms ("Toms") emerging from the store.
As Toms got into her car, appellant and Herndon approached her under the pretense of asking for directions to Tri-County Mall. Herndon then pulled out a gun and demanded Toms' purse. Toms pressed on her horn and began screaming. The two assailants ran back to McGaha's car and jumped in, and McGaha drove off towards his own house.
Hamilton police stopped and arrested the three near MaGaha's house. A search of the car revealed a spent shell casing and two bullets. The gun used in the attempted robbery was found on Herndon's person. Appellant, Herndon and McGaha were taken to the Fairfield Police Department for booking. On December 30, 1997, appellant was indicted by the Grand Jury on one count of aggravated robbery in violation of R.C. 2911.01(A) (1)[1] with a gun specification under R.C. 2941.145.
Appellant and McGaha were tried as co-defendants beginning February 24, 1998. At trial, Herndon testified as a state's witness. He testified that before the crime, the trio had used drugs and then drove around looking for someone to rob. He further testified that appellant knew about the gun before the attempted robbery. Herndon also testified that McGaha suggested that they rob Toms when they saw her leave the store, and appellant took an active role in the robbery.
At the conclusion of the trial, the jury found appellant and McGaha guilty of both complicity to aggravated robbery and the gun specification. Appellant was sentenced to five years imprisonment on the robbery count and three years imprisonment on the gun specification, the sentences to run consecutively. Appellant now appeals, raising two assignments of error.
Assignment of Error No. 1:
 THE STATE IMPROPERLY INJECTED ITS PERSONAL OPINION AS TO THE VERACITY OF WITNESSES AND TO THE GUILT OR INNOCENCE OF THE DEFENDANTS.
In his first assignment of error, appellant argues that the prosecutor engaged in misconduct when he placed his personal beliefs in evidence before the jury and attempted to shift the burden of proof upon appellant. The state responds that the prosecutor's comments were not improper, and they did not so corrupt the proceedings as to prejudice appellant. Furthermore, the matters were not objected to at trial, thus waiving all but plain error.
Because these matters were not objected to at trial, the issue is waived unless the errors rise to the level of "plain error." State v. Nicholas (1993), 66 Ohio St.3d 431, 435-436. Under plain error analysis, we must determine whether the substantial rights of the accused are so severely affected as to undermine the fairness of the guilt-determining process. Crim.R. 52(B);[2] State v. Swanson (1984), 16 Ohio App.3d 375,377. It must appear that, but for the error, the result of the trial clearly would have been otherwise and that to not correct the error would be a clear miscarriage of justice. State v.Bock (1984), 16 Ohio App.3d 146, 150.
The test for prosecutorial misconduct is whether the remarks made by the prosecution were improper and, if so, whether they prejudicially affected substantial rights of the accused.State v. White (1998), 82 Ohio St.3d 16, 22, rehearing/reconsideration denied (1998), 82 Ohio St.3d 1469,1470; State v. Smith (1984), 14 Ohio St.3d 13, 14. Even if a prosecutor's statements during closing arguments are improper, reversal based upon those statements is warranted "only if [they] 'permeate the entire atmosphere of the trial.' " Statev. Tumbleson (1995), 105 Ohio App.3d 693, 699, quoting UnitedStates v. Warner (C.A.6, 1992), 955 F.2d 441, 456, certiorari denied (1992), 505 U.S. 1227, 112 S.Ct. 3050. In reviewing the record, it must be remembered that both the defense and prosecution are given wide latitude in their arguments "as to what the evidence has shown and what reasonable inferences may be drawn therefrom." Tumbleson, 105 Ohio App.3d at 699, quotingState v. Lott (1990), 51 Ohio St.3d 160, 165, certiorari denied (1990), 498 U.S. 1017, 111 S.Ct. 591. In examining the prosecutor's arguments for possible misconduct, we must review the argument as a whole, not in isolated parts, and we must examine the argument in relation to that of opposing counsel. See State v. Moritz (1980), 63 Ohio St.2d 150, 157-158. If the prosecutor does state an opinion, it must be based upon the evidence presented and not personal beliefs. State v. Watson
(1991), 61 Ohio St.3d 1, 10.
In the present case, we cannot say that the remarks made by the prosecutor during his closing arguments, as a whole, were so improper that they prejudiced appellant's rights or so corrupted the trial as to preclude a fair verdict. We cannot say that, absent the comments, appellant would have been found not guilty.
The prosecutor alluded that in his time as a prosecutor he had never seen a "clearer case of aiding and abetting." Prosecutors "may not express their personal beliefs or opinions regarding the guilt of the accused, and they may not allude to matters not supported by admissible evidence." Lott, 51 Ohio St. 3
d at 166. Nonetheless, this was only one short statement in the closing argument, and where the reference to matters outside the record is short, oblique, and elicits no contemporaneous objection, there is no prejudicial error. Id. Furthermore, the jury instructions both before and after closing arguments instructed the jury that counsel's arguments were not evidence. Such clear admonitions by the court may remedy any detriment caused by a single misstatement by the prosecutor. See State v. Maurer (1984), 15 Ohio St.3d 239, 269, certiorari denied (1985), 472 U.S. 1012, 105 S.Ct. 2711, rehearing denied (1985), 472 U.S. 924, 106 S.Ct. 15.
In all other respects, the arguments given by the prosecutor were not improper and did not unfairly prejudice the rights of appellant. The arguments given by the prosecution which attacked appellant's defense and evidence were in rebuttal to the arguments of defense counsel. They drew attention to the fact that although appellant claimed that he was unaware that Herndon was going to attempt to rob Toms, there was substantial evidence of appellant's guilt. The comments drew inferences from the evidence, and presented to the jury an alternate view of the testimony, arguing that appellant was a knowing participant. The prosecutor was allowed to suggest that, if the jury did not believe appellant's evidence, the state's evidence proved his guilt. The arguments were supported by the evidence and well within the latitude given to counsel in closing arguments. See State v. Richey (1992), 64 Ohio St.3d 353,361-362, rehearing denied (1992), 65 Ohio St.3d 1421, certiorari denied (1993), 507 U.S. 989, 113 S.Ct. 1592, rehearing denied (1993), 508 U.S. 934, 113 S.Ct. 2401, affirmed (1995), 73 Ohio St.3d 523; see, also, Watson,61 Ohio St.3d at 9-10.
Even had the prosecutor's statements been improper in some context, they did not substantially affect appellant's rights. The state presented not only the testimony of appellant's co-conspirator, Herndon, it also presented testimony by the victim, Toms, another eyewitness, and the arresting and investigating officers. The state presented evidence which, if believed, proved that appellant knowingly participated in the attempted robbery. Thus, we cannot find that the arguments made by the prosecutor unfairly affected appellant's rights or swayed the jury to reach the wrong result. Accordingly, appellant's first assignment of error is overruled.
Assignment of Error No. 2:
 DEFENDANT-APPELLANT RECEIVED THE [sic] INEFFECTIVE ASSISTANCE OF COUNSEL.
In his second assignment of error, appellant asserts that his trial counsel should have objected to those statements appellant assigns as constituting prosecutorial misconduct. The state responds that the record reflects that the result of the trial was neither unreliable nor fundamentally unfair due to trial counsel's performance.
To establish a claim of ineffective assistance of counsel, a defendant must first demonstrate that trial counsel's performance was deficient, namely, that counsel's representation fell below the objective standard of reasonable competence under the circumstances. Second, a defendant must show that, as a result of this deficiency, he was prejudiced at trial. Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052, 2064; State v. Mills (1992), 62 Ohio St.3d 357,370, rehearing denied (1992), 63 Ohio St.3d 1406, certiorari denied, Mills v. Ohio (1992), 505 U.S. 1227, 112 S.Ct. 3048. Prejudice will be found only if the defendant proves that there is a reasonable possibility that, but for the unprofessional errors, the result of the proceedings against the defendant would have been different. There must be a probability sufficient to undermine confidence in the outcome of the case.State v. Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus, certiorari denied (1997), ___ U.S. ___,118 S.Ct. 376.
Any questions regarding the effectiveness of counsel must be viewed in light of the evidence against the defendant,id. at 142, with a "strong presumption that counsel's conduct falls within the wide range of professional assistance."Strickland, 466 U.S. at 689, 104 S.Ct. at 2065; State v. Lytle
(1976), 48 Ohio St.2d 391, 397, vacated in part on other grounds, Lytle v. Ohio (1978), 438 U.S. 910, 98 S.Ct. 3135. Thus, it is not the role of the appellate court to second guess the strategic decisions of trial counsel. State v. Carter
(1995), 72 Ohio St.3d 545, 558, certiorari denied (1995),516 U.S. 1014, 116 S.Ct. 575. This is especially so in the case of objections, where counsel is not required to make futile objections without merit. See Lott, 51 Ohio St.3d at 175-176.
In light of the foregoing discussion with respect to appellant's first assignment of error, even if counsel's failure to object more often to the prosecution's closing arguments fell below the objective standard of reasonable competence, appellant has not shown how such deficiency resulted in prejudice to him at trial. Furthermore, appellant has not demonstrated how the result of his trial would have been different if counsel had objected to the closing argument.
As noted above, the prosecution's closing argument was, on the whole, well within the latitude permitted during closing argument. Furthermore, defense counsel did object more than once to specific statements made in the closing arguments, demonstrating that counsel was, in fact, paying attention to the argument. Counsel could have chosen not to object further for myriad reasons; thus we cannot find that appellant was prejudiced by any alleged deficiency in representation. Appellant's second assignment of error is overruled.
Judgment affirmed.
KOEHLER and POWELL, JJ., concur.
[1] R.C. 2911.01(A) reads, in part:
 No person, in attempting to commit a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:
 (1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it[.]
[2] Crim.R. 52(B) states:
 Plain Error. Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.