DECISION AND JUDGMENT ENTRY
This matter is before the court on appeal from the Erie County Court of Common Pleas.
In 1995, an informant working for the Erie County Drug Task Force purchased crack cocaine from appellant, Duncan Oglesby. All four transactions were secretly recorded by the informant, Robert Ducksworth. Following a jury trial, appellant was convicted on three counts of conspiracy to commit aggravated drug trafficking. He was sentenced to two years in prison. Appellant now appeals setting forth the following assignments of error:
 "I. THE TRIAL COURT ERRED BY ADMITTING A TAPE RECORDED CONVERSATION BETWEEN AN ALLEGED INFORMANT AND THE DEFENDANT WHEN THE INFORMANT IS NOT SUBJECT TO CROSS EXAMINATION AND CONFRONTATION.
 "II. THE TRIAL COURT ERRED BY NOT SUPPRESSING ILLEGALLY OBTAINED TAPES IN VIOLATION OF R.C. 2933.51 TO 2933.66.
 "III. THE DEFENDANT HAD INEFFECTIVE ASSISTANCE OF COUNSEL."
In his first assignment of error, appellant contends he was denied his Sixth Amendment Right to Confrontation. Specifically, appellant contends the court erred in admitting the taped recordings when Ducksworth was unavailable to testify at trial.
This issue was addressed by the Fifth District Court of Appeals in State v. Hill (Dec. 31, 1990), Stark App. No. CA-8094, unreported. In Hill as in the present case, the trial court allowed taped recordings of an undercover drug purchase to be admitted into evidence. The informant who purchased the illegal drugs from Hill had died by the time of Hill's trial. In rejecting Hill's argument that the admission of the tapes violated his Sixth Amendment Right to Confrontation, the Court of Appeals stated:
 "Federal courts have uniformly held that introducing such tapes does not violate the Confrontation Clause or any evidence rules governing hearsay. Such statements are merely necessary to establish the context of the defendant's statements and responses, and therefore not offered to prove the truth of the matter asserted. E.g., United States v. Price (11th Cir. 1986), 792 F.2d 994, 996; United States v. Lemonakis (D.C. Cir. 1973), 485 F.2d 941, 948, cert. denied (1974), 415 U.S. 989."
Based on the foregoing, appellant's first assignment of error is found not well-taken.
In his second assignment of error, appellant contends that the court erred in not suppressing the tape recordings. We initially note that appellant failed to file a suppression motion. Therefore, any error is deemed to be waived and reversal is not warranted in the absence of plain error. State v.Williford (1990), 49 Ohio St.3d 247. "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim.R. 52. In order to demonstrate plain error, appellant has to establish that the outcome of his trial would have been different, but for the alleged error. State v. Waddell (1996), 75 Ohio St.3d 163; Statev. Mundy (1994), 99 Ohio App.3d 275. The standard of plain error is whether substantial rights of the accused are so adversely affected as to undermine the fairness of the guilt determining process. State v. Swanson (1984), 16 Ohio App.3d 375.
In the present case, Detective Melvin Burns of the Erie County Drug Task Force testified to the following. Informant Robert Ducksworth began working for the Task Force in February 1995. On March 18, 1995, the Task Force gave Ducksworth $30 and instructed him to go to appellant's home and purchase crack. Detective Burns listened to the conversation between Ducksworth and appellant through the body wire. Burns testified that he could hear a "transaction" taking place. After Ducksworth left appellant's house, Detective Burns met him at a predetermined location. Ducksworth then gave Detective Burns the crack cocaine he purchased from appellant. Burns placed it in an evidence bag. This same scenario was played out again on three separate dates.
In view of Detective Burn's testimony, we conclude that appellant has failed to show that the outcome of his trial would have been different but for the admission of the tapes. Accordingly, appellant's second assignment of error is found not well-taken.
In his third assignment of error, appellant contends he was denied effective assistance of counsel. The standard for evaluating an ineffective assistance of counsel claim was enunciated by the Supreme Court of Ohio in State v. Bradley
(1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, as follows:
 "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle
[1976], 48 Ohio St.2d 391; Strickland v. Washington
[1984], 466 U.S. 668, followed.)
 "3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."
Further, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance * * *." Bradley, supra, at 142 quoting Strickland, supra, at 689. Ohio presumes a licensed attorney is competent. Vaughn v. Maxwell
(1965), 2 Ohio St.2d 299. Counsel will not be deemed ineffective merely because a defendant is convicted and not acquitted. Statev. Hunt (1984), 20 Ohio App.3d 310, 311.
Appellant contends that his trial counsel was ineffective in failing to object to the prosecutor referring to Ducksworth as a co-conspirator. Given the testimony of Detective Burns, we conclude that the outcome of appellant's trial would not have been different. Accordingly, appellant's third assignment of error is found not well-taken.
On consideration whereof, the court finds that appellant was not prejudiced nor prevented from having a fair trial, and the judgment of the Erie County Court of Common Pleas is affirmed. It is ordered that appellant pay the court costs of this appeal.
 JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ JUDGE Melvin L. Resnick, J.
 _______________________________ JUDGE CONCUR. James R. Sherck, J.
 _______________________________ JUDGE Richard W. Knepper, J.