DECISION AND JUDGMENT ENTRY
This is an appeal from the judgment of conviction in the County Court of Fulton County, Western Division, which following a trial to the court found appellant, Joe Ferguson, guilty of speeding in violation of R.C.4511.21(D)(3), and fined him $27. The trial took place on June 6, 2000, wherein appellant represented himself pro se. For the reasons that follow, we reverse the decision of the trial court.
Trooper Jay T. Lankey clocked appellant on radar going sixty-seven miles per hour on the Ohio Turnpike. Appellant was charged with violating R.C. 4511.21(D)(3), which states:
 "(D) No person shall operate a motor vehicle, trackless trolley, or streetcar upon a street or highway as follows:
"* * *
 "(3) If a motor vehicle weighing in excess of eight thousand pounds empty weight or a noncommercial bus as prescribed in division (B)(10) of this section, at a speed exceeding fifty-five miles per hour upon a freeway as provided in that division; * * *"
The trial court found appellant guilty.
Appellant appealed his conviction and raises the following assignments of error:
 "I. THE TRIAL COURT ERRED IN CONCLUDING THAT APPELLANT WAS GUILTY OF VIOLATING R.C. SECTION 4511.21(D)(3) WHEN THE STATE FAILED TO PROVE EACH AND EVERY ELEMENT OF THE OFFENSE BEYOND A REASONABLE DOUBT.
 "II. THE TRIAL COURT ERRED WHEN IT FAILED TO RECITE ANY OR ALL OF APPELLANT'S CONSTITUTIONAL RIGHTS DURING THE PLEA HEARING, AND THEREBY VIOLATED TRAFFIC RULE 10 AND THE DUE PROCESS RIGHTS GUARANTEED BY THE FOURTH AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION AND OHIO CONSTITUTION.
 "III. THE TRIAL COURT ERRED IN RELYING ON EVIDENCE OF THE RADAR TEST RESULTS."
In his first assignment of error, appellant argues that the state failed to prove each and every element of the offense beyond a reasonable doubt. Specifically, appellant argues that the state never proved that appellant's truck weighed in excess of eight thousand pounds when empty, an element of R.C. 4511.21(D)(3).
The state responds that appellant waived his right to raise a sufficiency of the evidence argument because he never moved for a judgment of acquittal, pursuant to Crim.R. 29(A). Alternatively, the state argues that even if the issue was preserved for appellate review, the trooper testified that the posted speed limit on the Ohio Turnpike for a 1999 Freightliner, appellant's vehicle, was fifty-five miles per hour. The state also asserts that appellant's own testimony established that he was in violation of R.C. 4511.21(D)(3). Appellant testified at trial as follows:
 "* * * I seen him when he went by and I looked at my speed on, which I wasn't running fifty-five, it was about fifty-eight miles an hour but I was still speeding, I guess, in the state of Ohio * * *"
When reviewing the sufficiency of the evidence to support a criminal conviction, in order to reverse a conviction for insufficient evidence, an appellate court must be persuaded, after viewing the evidence in a light most favorable to the prosecution, that no rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. Sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. State v. Thompkins (1997), 78 Ohio St.3d 380, 386.
A party fails to preserve a sufficiency of the evidence argument on appeal due to his failure to timely file a Crim.R. 29 motion for acquittal. State v. Roe (1989), 41 Ohio St.3d 18, 25. Appellant never raised a Crim.R. 29 motion. Hence, such error is waived absent plain error. Crim.R. 52(B) and State v. Moreland (1990), 50 Ohio St.3d 58,62.
Plain error does not exist unless, but for the error, the outcome at trial would have been different. Moreland at 62, and State v. Waddell
(1996), 75 Ohio St.3d 163. The standard of plain error is whether substantial rights of the accused are so adversely affected as to undermine the fairness of the guilt determining process. State v.Swanson (1984), 16 Ohio App.3d 375. "[A] conviction based on legally insufficient evidence constitutes a denial of due process. Tibbs v.Florida (1982), 457 U.S. 31, 45, * * * citing Jackson v. Virginia
(1979), 443 U.S. 307, * * *." Thompkins at 386-387.
In order to convict appellant of R.C. 4511.21(D)(3), the state had to prove that (1) appellant operated his vehicle in excess of fifty-five miles per hour, and (2) appellant's vehicle weighed in excess of eight thousand pounds when empty. Trooper Lankey clearly never testified regarding the weight of appellant's vehicle. Moreover, we note that "the general description of the vehicle is insufficient to allow the trier of fact to infer the necessary weight, as the weight of a given semi tractor-trailer is beyond common knowledge." State v. Myers (May 25, 1995), Franklin App. No. 94APC11-1601, unreported, citing Ohio StatePatrol v. Hitt (Feb. 12, 1993), Lake App. No. 92-L-081, unreported, andState v. Cox (Mar. 21, 1991), Ashland App. No. CA-973, unreported. Additionally, we find that appellant's alleged admission concerning his guilt as to speed does nothing to establish the actual weight of his vehicle.
Accordingly, we find that the state failed to prove an essential element of the offense. See R.C. 4511.21(D)(3). Appellant's conviction on insufficient evidence denied him his right of due process and undermined the fairness of the guilt determining process. SeeThompkins, supra at 386-387. See, also, Swanson, supra. Clearly, but for this violation of appellant's substantial rights, the outcome at trial would have been different. See Moreland, supra at 62. See, also,State v. Waddell (1996), 75 Ohio St.3d 163. We therefore find that appellant's conviction on insufficient evidence was plain error. As such, appellant's first assignment of error is found well-taken.
Based on our decision as to the first assignment of error, we find that the second and third assignments of error are rendered moot and are therefore denied.
On consideration whereof, this court finds that appellant was prejudiced from having a fair trial and the judgment of the County Court of Fulton County, Western Division, is reversed and appellant's conviction and sentence are ordered vacated. Costs to be paid by the appellee state of Ohio.
Melvin L. Resnick, J., James R. Sherck, J. CONCUR.