OPINION
Defendant-appellant, Deborah A. Wildi, appeals from the June 4, 2001 sentencing entry of the Franklin County Municipal Court, sentencing Wildi to thirty days incarceration, suspended for one year provided no convictions involving moving violations, and ordering Wildi to pay a $250 fine. For the reasons that follow, we affirm.
On December 24, 2000, Wildi was stopped and cited for weaving in violation of Whitehall City Code Section 331.39(b), and changing lanes without safety in violation of Whitehall City Code Section 331.14(b). Pursuant to R.C. 1905.032, Wildi's case was transferred from the Whitehall Mayor's Court to the Franklin County Municipal Court. Wildi entered a plea of no contest to the charge of changing lanes without safety, and the city of Whitehall dismissed the weaving charge. The trial court found Wildi guilty of changing lanes without safety, and sentenced Wildi to thirty days incarceration, suspended for one year provided no convictions involving moving violations, and ordered Wildi to pay a $250 fine. It is from this entry that Wildi appeals, assigning the following as errors:
 1. Whitehall Code 331.14(b) is a third degree misdemeanor not a fourth degree misdemeanor.
 2. The Sentence Entry indicates that "Per defendant's own statement, he/she is able to pay the fine (and costs) imposed by October 19, 2001 or by time payment[s."]
 3. The Prosecutor did not correctly communicate my prior record to the Court. And my attorney did not completely correct him.
 4. The sentence of the maximum penalty allowed constitutes an undue hardship and the Court was at least partially advised of the situation by my attorney.
 5. The Court's unreasonable, arbitrary and unconscionable attitude connotes an abuse of discretion.
As a threshold matter, we observe that counsel for Wildi failed to object to any of the assignments of error that Wildi is now raising on appeal. The failure to object to evidence at trial constitutes a waiver of any challenge on that evidence on appeal, except for plain error. State v. Robertson (1993), 90 Ohio App.3d 715, 728. To constitute plain error, "'[t]he error must be obvious on the records, palpable, and fundamental'" such that it should have been apparent to the trial court without objection. State v. Tichon (1995), 102 Ohio App.3d 758, 767. Moreover, plain error does not exist unless the appellant establishes that the outcome of the trial clearly would have been different but for the trial court's allegedly improper actions. State v. Waddell (1996),75 Ohio St.3d 163, 166. Notice of plain error is to be taken with utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. State v. Phillips (1995), 74 Ohio St.3d 72, 83; State v. Ospina (1992), 81 Ohio App.3d 644, 647.
Wildi's five assignments of error will be examined under plain error to determine whether her substantial rights were adversely affected as to undermine the fairness of the guilt determining process. State v. Lewis (July 21, 1998), Franklin App. No. 97APA09-1263, unreported, citing State v. Swanson (1984), 16 Ohio App.3d 375.
In her first assignment of error, Wildi contends that while the maximum penalty for changing lanes without safety was correctly stated by the trial court, the trial court incorrectly stated that the offense was a violation of the fourth degree. Wildi asserts that although this pronouncement of the violation classification constituted harmless error, the trial court should nonetheless make a correction of the misstatement.
Pursuant to Whitehall City Code Section 331.14(b), changing lanes without safety is a violation of the third degree, which carries the maximum term of imprisonment of thirty days, and the maximum fine of $250. During the sentencing hearing, the trial judge correctly informed Wildi of the penalty for her conviction, and Wildi indicated that she understood the penalty:
 THE COURT: That is a misdemeanor of the fourth degree in the City of Whitehall, carries a maximum penalty of 30 days in jail and a $250 fine. Do you understand that, ma'am?
THE DEFENDANT: Uh-huh. [Tr. 2.]
Careful review of the transcript reveals that while the trial court did correctly state the maximum penalty that could be imposed, it also misstated the violation classification of the traffic offense. However, in light of the fact that Wildi received the proper maximum penalty allowed by law, any misstatement by the trial court of the violation classification was harmless error. Accordingly, Wildi's first assignment of error is found not well-taken and is overruled.
Assignments of error two and four are interrelated and, as such, will be addressed together. In her second assignment of error, Wildi argues that she never indicated to the trial court that she was able to pay the $250 fine, and that she purposely told the trial court that she was unemployed as a way of showing her inability to pay the fine. (Tr. 6.) In her fourth assignment of error, Wildi argues that the $250 fine does not comply with the revised code because it creates an undue hardship.
R.C. 2929.22 governs the imposition of fines for a misdemeanor and provides in section (F) that the court shall not impose a fine that exceeds the amount that the offender is or will be able to pay without undue hardship.[1] Careful review of the record indicates that although Wildi did indicate that she was unemployed, she did not provide any evidence at the sentencing hearing of her inability to pay the $250 fine. (Tr. 6.) After the fine was imposed, Wildi did not object or assert to the trial court that she was unable to pay the fine. It is clear that the trial court should consider the impact a fine has on the offender, but the trial court must only consider such factors that the offender has offered evidence of at the sentencing hearing. State v. Burkitt (1993), 89 Ohio App.3d 214, 229. Where an offender does not object at the sentencing hearing to the amount of the fine, and does not request an opportunity to demonstrate to the trial court that the resources to pay the fine do not exist, he waives any objection to the fine on appeal. Id. See State v. Elder (May 11, 1998), Butler App. No. CA97-07-142, unreported (the trial court did not abuse its discretion in imposing fines when appellant failed to produce evidence indicating indigence prior to sentencing, and failed to object to the fines imposed). Because there is no evidence in the record of Wildi's counsel objecting to the fine, or offering evidence at the hearing of her inability to pay the fine, the imposition of the maximum fine of $250 does not constitute plain error. Accordingly, Wildi's second and fourth assignments of error are not well-taken and are overruled.
In her third assignment of error, Wildi argues that the trial court was prejudiced when the prosecutor indicated that Wildi had eight speeding violations, when she alleged that she only had five speeding violations. Appellee in response argues that, at the sentencing hearing, Wildi did not object to the prosecutor's statement of her prior driving record. At the sentencing hearing, after the prosecutor recited Wildi's prior driving record, defense counsel stated:
 MR. SCHNIEDER: If I may, Your Honor, one of the November speeds is a no-point speed and that was part of a plea. It was not a speed infraction. [Tr. 5.]
While it is not clear from the record if a certified or uncertified copy of the Bureau of Motor Vehicle computer printout of Wildi's driving record was admitted into evidence, we nonetheless find that the prosecutor's recitation of the number of violations on Wildi's driving record was not prejudicial. Considering the nature of Wildi's prior driving record, and the failure to present evidence to contradict the prosecutor's statement, we find that the reading of Wildi's prior driving record did not deprive her of a fair trial and did not constitute plain error.
Furthermore, the exhibits of Wildi's prior driving record and traffic violations that were attached to her brief cannot be considered by this court as there is no indication that they were part of the trial record. See State v. Bogan (Aug. 6, 1998), Cuyahoga App. No. 72278, unreported. Accordingly, Wildi's third assignment of error is found not well-taken and is overruled.
In her fifth assignment of error, Wildi contends that the trial court's alleged offensive comments, along with the use of incorrect information, the inability to consider mitigating circumstances, and the imposition of the sentence constituted an abuse of discretion. In determining whether to impose imprisonment for misdemeanor offenses, the trial court, pursuant to R.C. 2929.22(A):
 * * * [S]hall consider the risk that the offender will commit another offense and the need for protecting the public from the risk; the nature and circumstances of the offense; the history, character, and condition of the offender and the offender's need for correctional or rehabilitative treatment; any statement made by the victim under sections 2930.12 to 2930.17 of the Revised Code, if the offense is a misdemeanor specified in division (A) of section 2930.01 of the Revised Code; and the ability and resources of the offender and the nature of the burden that payment of a fine will impose on the offender.
The trial court can also, when appropriate, give consideration to standards set forth in R.C. 2929.12(C) when imposing sentencing for misdemeanor offenses. R.C. 2929.12(C) provides that:
 (C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:
The victim induced or facilitated the offense.
 (2) In committing the offense, the offender acted under strong provocation.
 (3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.
 (4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.
While the trial court is not limited to the criteria pronounced in either R.C. 2929.22 or 2929.12, nothing in either statute imposes any duty on the trial court to set forth its reasoning for imposing sentencing. State v. Carty (Feb. 7, 2002), Cuyahoga App. No. 79213, unreported; State v. Cyrus (1992), 63 Ohio St.3d 164. See, also, State v. Wagner (1992),80 Ohio App.3d 88, 95-96 ("[f]ailure to consider these criteria constitutes an abuse of discretion, but when the sentence imposed is within the statutory limit, a reviewing court will presume that the trial judge followed the standards set forth in R.C. 2929.22 and 2929.12, absent a showing to the contrary"); State v. Gould (1980),68 Ohio App.2d 215, 216 ("[i]t is the duty of the trial court to exercise a judicious discretion and to give consideration to the criteria set out in R.C. 2929.22 and, when appropriate, the standards in R.C.2929.12"); see, also, Cincinnati v. Clardy (1978), 57 Ohio App.2d 153,156 ("the failure of the court to weigh the factors mandated by R.C.2929.22 amounts to a failure to exercise the discretion vested in the court by the legislature"). Thus, the burden rests on the defendant to rebut the presumption that the trial court considered the sentencing criteria. Cyrus, supra.
In the present case, Wildi has failed to demonstrate that the trial court's decision in establishing the provisions of the sentence was unreasonable, arbitrary or unconscionable. At the sentencing hearing, the trial court stated:
 THE COURT: She also has a horrible driving record, and she can't seem to drive without having things happen. This isn't the first time she's been down here. $250 to include costs; 30 days in jail, suspended for one year PNC; that PNC will require no moving violation. * * * [Tr. 6.]
While we acknowledge that the trial court was not required to explain its findings under R.C. 2929.22 and 2929.12 because Wildi is alleging an abuse of discretion, we must examine the court's findings to determine whether the trial court acted arbitrarily in making them.
Nothing in the transcripts demonstrates that the trial court did not consider the provisions of R.C. 2929.22 before sentencing Wildi. The trial court took into account her character and extensive prior driving record and, as such, imposed a sentence that was within the statutory limit. Therefore, the trial court did not act in an unreasonable, arbitrary or unconscionable manner. Under a plain error standard of review, we find that Wildi has failed to prove how the outcome of her sentencing would have been different but for the trial court's allegedly improper actions.
Furthermore, Wildi complains that comments made by the trial court were an abuse of discretion. Once again, we observe that Wildi's counsel did not object to any of the trial court's comments. Therefore, any errors not brought to the attention of the trial court by objection or otherwise are waived and may not be raised on appeal unless they rise to the level of plain error. Robertson; Tichon, supra. In her brief, Wildi alleges that the following comments made by the trial court evidences an attitude by the trial court that is unreasonable, arbitrary or unconscionable:
 "Amazing. I haven't seen anything on it." [Appellant's
brief at 10.]
 2. "She also has a horrible driving record, and she can't seem to drive without having things happen. This isn't the first time she's been down here." [Appellant's brief at 10.]
 3. "[A]nd will receive — possibly receive 30 days in jail. I'm not sure." [Appellant's brief at 11.]
A careful review of the sentencing transcript reveals that comment number one was made by the trial court in reference to an earlier case that Wildi appealed. (Tr. 5.) The second and third comments were appropriately made when the trial court sentenced Wildi. (Tr. 6.) While Wildi may not have liked to hear the second and third comments made by the trial court, the trial court was merely remarking on her extensive prior driving record. Given Wildi's past driving record, the trial court's comments did not constitute an abuse of discretion and, as such, does not amount to plain error. State v. Jackson (July 28, 2000), Mahoning App. No. 98 C.A. 207, unreported. Accordingly, Wildi's fifth assignment of error is not well-taken and is overruled.
For the foregoing reasons, Wildi's five assignments of error are overruled and the judgment of the Franklin County Municipal Court is affirmed.
Judgment affirmed.
DESHLER and BROWN, JJ., concur.
[1] R.C. 2929.22(F) provides: "The court shall not impose a fine or fines that, in the aggregate and to the extent not suspended by the court, exceed the amount that the offender is or will be able to pay by the method and within the time allowed without undue hardship to the offender or the offender's dependents, or will prevent the offender from making restitution or reparation to the victim of the offender's offense."