[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JUDGMENT ENTRY
This matter is before the court on the motion of defendant-appellant, Robert Wayne Leonard, for reconsideration of our June 13, 2003 decision and judgment entry.
As stated in Matthews v. Matthews (1981), 5 Ohio App.3d 140, 140:
"The test generally applied upon the filing of a motion for reconsideration in the court of appeals is whether the motion calls to the attention of the court an obvious error in its decision or raises an issue for consideration that was either not considered at all or not fully considered by the court when it should have been."
Appellant urges that this court reconsider its order remanding the case to the trial court for further proceedings. In particular, appellant contends that because this court found that failure to give a particular jury instruction amounted to plain error and that "but for the error in the jury instructions the outcome of this case clearly would have been otherwise," the charges against appellant should be dismissed.
In our June 13, 2003 decision, this court found that it was plain error for the trial court to fail to give a jury instruction required by statute. We further held that appellant's counsel was ineffective by failing to request the instruction.
Upon review of our analysis relative to appellant's third assignment of error we find that, in accordance with Matthews, appellant has brought to the attention of the court "an obvious error in its decision" and, thus, grant appellant's motion for reconsideration.
Upon reconsideration, we find that the "plain error" language recited in our decision is inapplicable. In cases where the trial court erroneously failed to give a mandatory jury instruction "[p]lain error exists if `substantial rights of the accused are so adversely affected as to undermine the "fairness of the guilt determining process."'" State v.Celestino (Mar. 19, 1993), 6th Dist. No. S-91-50, quoting State v.Swanson (1984), 16 Ohio App.3d 375, 377. See, also, State v. Douglas
(Dec. 10, 1999), 6th Dist. No. OT-99-008. It is clear that the failure of the trial court to give the R.C. 2923.03(D) instruction was plain error in that, absent any corroborative testimony, such failure affected appellant's right to due process.
Further, had appellant's counsel requested the instruction and preserved the issue for appeal, the proper remedy would have been a remand for a new trial. Simply because appellant's counsel failed to request the instruction does not entitle appellant to greater relief than would be afforded had we not engaged in a plain error analysis. If this were true, it would lead to defense counsel purposely failing to preserve judicial errors for appeal and then, at the appellate level, arguing plain error in order to achieve a dismissal of the charge.
Accordingly, upon reconsideration of our June 13, 2003 decision and judgment entry, we find that despite the error contained therein, the final resolution of the appeal remains unchanged. We further issue an order of errata. Page five, paragraph four, second sentence which reads: "`To rise to the level of plain error, it must appear on the face of the record not only that the error was committed, but that except for the error, the result of the trial clearly would have been otherwise and that not to consider the error would result in a clear miscarriage of justice.' State v. Bock (1984), 126 Ohio App.3d 146, 150." is hereby stricken and the corrected sentence shall read as follows: "The standard for plain error in the present case `is whether substantial rights of the accused are so adversely affected as to undermine the "fairness of the guilt determining process".' State v. Swanson (1984), 16 Ohio App.3d 375,377, quoting State v. Gideons (1977), 52 Ohio App.2d 70, 77." Further, page six, paragraph one, third sentence which reads "Thus, we conclude that but for the error in the jury instructions the outcome of this case clearly would have been otherwise, and that a manifest miscarriage of justice has occurred." shall also be stricken and the corrected sentence shall read: "Thus, we conclude that it was plain error in that appellant's substantial rights were affected by the trial court's failure to instruct the jury pursuant to R.C. 2923.03(D)." It is so ordered.
Knepper, Pietrykowski and Lanzinger, JJ., concur.