JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Gregory Zucco appeals the judgment of the trial court resentencing him to five years of community control sanctions with conditions. We vacate.
 {¶ 2} The record before us demonstrates that appellant was indicted in July 2003 in a three-count indictment. Counts one and two charged aggravated vehicular assault and count three charged failure to stop after an accident. After a jury trial, appellant was found guilty of counts two and three. He was sentenced to 18 months on count two and 12 months on count three; both were maximum sentences ordered to be served consecutive to each other.
 {¶ 3} On appeal, this court vacated appellant's sentence and remanded to the trial court for resentencing. State v. Zucco, Cuyahoga App. *Page 3 
4095. In particular, this court found that the trial court failed to make the findings required at the time, pursuant to R.C. 2929.14(E)(4), in sentencing appellant to consecutive terms.
 {¶ 4} The State appealed to the Ohio Supreme Court, where the case was stayed pending the decision in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470. After Foster was decided, and pursuant to the Court's holding in the case, this case was remanded to the trial court for resentencing.
 {¶ 5} At the time of resentencing, appellant had already served his 30-month sentence, the maximum sentence allowed under the law. The trial court resentenced him to five years of community control with conditions. In resentencing appellant, the trial court informed him that a violation of the terms and conditions of his community control may result in more restrictive sanctions. Appellant now contends that the trial court erred by resentencing him to community control after he had already served his sentence.
 {¶ 6} Appellant did not make any objections at the time of sentencing and, therefore, our review of the sentencing is a plain error review pursuant to Crim.R. 52(B). A court should take notice of plain error only in exceptional circumstances when it is necessary to prevent a miscarriage of justice. State v. Long (1978), 53 Ohio St.2d 91, 95,372 N.E.2d 804. Plain error is committed when, but for the error, the outcome of the trial clearly would have been different. Id. The standard for plain error is whether substantial rights of the accused are so adversely affected as to *Page 4 
undermine the fairness of the guilt determining process. State v.Swanson (1984), 16 Ohio App.3d 375, 476 N.E.2d 672.
 {¶ 7} R.C. 2929.19(B)(5) provides that if a sentencing court decides to impose an authorized community control sanction at a sentencing hearing:
 {¶ 8} "The court shall notify the offender that, if the conditions of the sanction are violated, if the offender commits a violation of any law, * * * the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the offense pursuant to section 2929.14 of the Revised Code." (Emphasis added.)
 {¶ 9} In State v. Brooks, 103 Ohio St.3d 134, 136, 2004-Ohio-4746,814 N.E.2d 837, the Ohio Supreme Court held that, pursuant to R.C.2929.19(B)(5) and 2929.15(B),[1] a trial court sentencing an offender to a community control sanction must notify the offender, at the time of the sentencing, of the specific prison term that may be imposed for a violation of the conditions of the sanction. Id. To comply with the term "specific," as used in R.C. 2929.19(B)(5), the sentencing court "should not *Page 5 
simply notify the offender that in the event of a violation he will receive `the maximum' or another indefinite term such as `up to 12 months,'" but should inform the defendant, in straightforward and affirmative language, of the fixed number of months or years the trial court can impose. Id. at ¶ 19.
 {¶ 10} Here, the trial court failed to advise appellant of the specific number of months or years that he could be sentenced to for a violation of his community control. Indeed, we understand the absence of the advisement, because appellant had served all the time available by law. We therefore vacate appellant's sentence, and at the suggestion of both the defense and State at oral argument, and in light of the fact that appellant has served his entire sentence and completed post-release control, "resentence" appellant, pursuant to R.C. 2953.08(G)(2), to the original sentence, with credit for all time served.[2] The trial court shall put forth an entry detailing appellant's sentence as stated by this court, and upon journalization of same, forward it to the Bureau of Motor Vehicles.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. *Page 6 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] R.C. 2929.15(B), which details procedures for a trial court to follow when an offender has violated the conditions of community control, reiterates the three options available to the sentencing court mentioned in R.C. 2929.19(B)(5). R.C. 2929.15(B) further provides that if a prison term is imposed upon an offender for violating a community control sanction, the prison term specified shall be within the range of prison terms available for the offense for which the sanction was imposed and "shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing pursuant to division [(B)(5)] of section 2929.19 of the Revised Code."
[2] We note that the trial court originally improperly ordered a ten-year driver's license suspension. At the post-Foster resentencing, however, the trial court ordered a five-year driver's license suspension. Our "resentencing" of appellant does not include the ten-year suspension; rather, appellant's license is suspended for five years.
CHRISTINE T. McMONAGLE, JUDGE
MARY J. BOYLE, J., CONCURS
SEAN C. GALLAGHER, P.J., CONCURS IN PART AND DISSENTS IN PART