{¶ 13} I concur with the conclusion of the majority that the trial judge, at time of sentencing, had a choice between a prison sentence and local incarceration. I further concur with the majority that the law does not permit the trial court to combine these sentencing alternatives. When the court imposed a term of local incarceration and additional terms which, if violated, would result in Kearns being sent to prison, it created a sentence that was void under Ohio law, and pursuant to State v. Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250, the sentence must be vacated and the matter returned to the trial court for resentencing.
 {¶ 14} However, it is imperative to note here that Kearns has already completed the entirety of his local sentence of incarceration. Likewise, Bezak had served the entirety of his prison sentence when the Ohio Supreme Court found his sentence void and ordered resentencing. As stated in Bezak:
 {¶ 15} "[I]n this case, Bezak has already served the prison term ordered by the trial court, and therefore he cannot be subject to resentencing in order to correct the trial court's failure to impose postrelease control at Bezak's original sentencing *Page 9 
hearing. In order that its record may be complete, the trial court is instructed to note on the record of Bezak's sentence that because he has completed his sentence, Bezak will not be subject to resentencing pursuant to our decision." Id. at ¶ 18. See, also, State v. Zucco, Cuyahoga App. No. 89052, 2007-Ohio-5859.
 {¶ 16} I would follow the dictates of the Ohio Supreme Court and instruct the trial court to note on the record that insofar as Kearns has completed his sentence, he is not subject to resentencing. Further, I would direct the trial court to forthwith order Kearns's release from prison on this case only. *Page 1