The situation here is analogous to Civ.R. 8(E)(2), which states:

"(2) A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses.

" * * *

"A party may also state as many separate claims or defenses as he has *regardless of consistency* and whether based on legal or equitable grounds." (Emphasis added.)

The majority characterizes Halley's conduct as deceptive, yet it is a far more common occurrence for a person such as Halley to be denied coverage from one on the grounds that the injury was work-related and from the other on the grounds that the injury was not work-related.

The STATE of Ohio, Appellee,

v.

CUNNINGHAM, Appellant.

[Cite as *State v. Cunningham* (1990), 67 Ohio App.3d 366.]

Court of Appeals of Ohio,
Montgomery County.

No. 11771.

Decided April 17, 1990.

*Lee C. Falke*, Prosecuting Attorney, and *Walter F. Ruf*, Assistant Prosecuting Attorney, for appellee.

*Victor A. Hodge*, for appellant.

BROGAN, Judge.

Robert T. Cunningham was convicted after a jury trial of theft of property having a value in excess of $300 in violation of R.C. 2913.02(A)(1), with a prior offense of violence specification. Cunningham was sentenced to an indefinite term of two and one-half to five years' imprisonment. Cunningham appealed and asserted four assignments of error.

The state presented the testimony of two Lazarus loss prevention employees who observed the defendant and Sherrie Wooden remove several items of clothing from the basement of Lazarus and attempt to exit the store without paying for the clothing. The items which were the subjects of the theft bore price tags totaling $334.91. Each of the items also bore a colored tag indicating the purchaser would be given an additional discount at the time of purchase. The discounts could range from twenty to fifty percent, and the color code changed each month. No witness was able to determine which code was in effect at the time of the alleged theft.

■ In his first assignment, appellant contends his conviction for theft of property of a value of $300 is against the manifest weight of the evidence. Appellant contends the state failed to prove that the aggregate value of the

clothing was $300 or more.   Indeed, appellant argues that since the clothing all contained discount tags and the minimum discount was twenty percent off the tagged price, the value of the clothing was their selling price of $267.93. We agree.

R.C. 2913.61 provides in pertinent part:

"(E) without limitation on the evidence that may be used to establish the value of the property or services involved in a theft offense:

"(1) When the property involved is personal property held for sale at wholesale or retail, the price at which the property was *held for sale* is prima-facie evidence of its value."

The price listed on sales tags to clothing has been found to be prima facie evidence of the clothing's value. *State v. Speigner* (Apr. 12, 1984), Cuyahoga App. No. 47171, unreported.  In *State v. Fields* (1973), 35 Ohio App.2d 140, 64 O.O.2d 248, 300 N.E.2d 207, the Hamilton County Court of Appeals, in construing the former analogous theft statute, held that the value of goods offered for sale to the public could be demonstrated by evidence as to the price at which such property is offered to and purchased by the market at the time in question.

The state's own witnesses testified the items of clothing in question could be purchased at the registers for at least twenty percent less than their tagged prices totaling $334.91.  It is undisputed the clothing had some value and therefore the appellant could properly be convicted of theft, but not of theft of property over the value of $300.  The first assignment is sustained.

■  In his second assignment, appellant contends the trial court erred in sentencing him to an "actual term of incarceration."  The court only speaks through its journal entries and the termination entry does not reflect the appellant received a sentence of actual incarceration.  This assignment is overruled.

■  In his third assignment, appellant contends he was denied his right to due process of law as a result of the trial court's confusing, incomplete, erroneously amplified and incorrect jury instructions.  The record reveals no objection was lodged by appellant's counsel to the court's instructions.  The failure to object to a jury instruction constitutes waiver of any claim of error relative thereto, unless, but for the error, the outcome of the trial clearly would have been otherwise. *State v. Long* (1978), 53 Ohio St.2d 91, 7 O.O.3d 178, 372 N.E.2d 804.  The appellant has failed to demonstrate how the outcome of his trial would clearly have been different had the jury been instructed in the manner he believed appropriate.  We also find no evidence of "plain error."  We do not believe the substantial rights of the accused were so

adversely affected as to undermine the fairness of the guilt determining process. *State v. Swanson* (1984), 16 Ohio App.3d 375, 16 OBR 430, 476 N.E.2d 672. This assignment is likewise overruled.

In his last assignment, appellant contends he was denied a fair trial as the result of the ineffective assistance of counsel. Appellant contends counsel was ineffective in failing to object to the court's erroneous and confusing instructions. Under *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, a convicted defendant who claims his trial counsel's performance was so deficient as to require his conviction's reversal must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. See, also, *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373. Appellant has failed to demonstrate that probability. The assignment is overruled.

Appellant's conviction for the offense of theft of property of a value of $300 or more will be reversed, and the judgment of the trial court finding the appellant guilty of theft will be affirmed; since the appellant has served a period of incarceration in excess of six months, he will be ordered discharged from further confinement.

*Judgment accordingly.*

WOLFF, P.J., and WILSON, J., concur.