DECISION AND JUDGMENT ENTRY
{¶ 1} This matter comes before the court on appeal from the Wood County Court of Common Pleas wherein appellant, Richard Rodriguez, was found guilty of receiving stolen property. Because we find that the evidence supports appellant's conviction, we affirm.
 {¶ 2} The facts giving rise to this appeal are as follows. On July 8, 2004, appellant was indicted on one count of receiving stolen property, a violation of R.C. 2913.51 and a felony of the fifth degree. A jury trial commenced on January 19, 2005.
 {¶ 3} Robin Renner testified that she is the store manager of the M.C. Sports store in Rossford, Ohio. On April 27, 2004, she was working when appellant walked in to the store with two companions and tried to return a baseball glove without a receipt. Renner testified that she had previously received a store alert that a group of men had recently stolen baseball and softball equipment from other M.C. Sports stores. Renner noticed that appellant and his companions matched the description of the men. Appellant told Renner that the glove had been purchased two weeks ago. Renner checked the glove's stock-keeping unit number, a.k.a. SKU number, on the store's computer and discovered that no one had purchased a glove of this style in eight weeks in any area store. While Renner was looking up the SKU number, appellant engaged another manager in a conversation about footwear and his companions shopped in the baseball area. Renner then informed appellant that she could not accept the return without a receipt.
 {¶ 4} Rossford police officer Mark Skala testified he was patrolling the Crossroads Center shopping center in Rossford on April 27 when he saw appellant come out of the M.C. Sports store. Renner followed appellant out of the store and approached officer Skala. She told him that appellant had just stolen some items from the store. Officer Skala drove his cruiser towards appellant who was attempting to get into the rear passenger side of another vehicle while the vehicle was moving. The occupants of the car were telling appellant to "hurry." Officer Skala called to appellant. Appellant let go of the vehicle's passenger door handle and walked over to Skala. The driver of the vehicle then pulled into a parking space.
 {¶ 5} Skala testified that appellant showed him a baseball glove inside of a bag. Appellant explained that the glove had been a birthday gift for his son but his son did not like it so appellant was attempting to return it. Skala testified that the glove still had the price tag attached.
 {¶ 6} After talking with appellant, Skala separated the other people who were waiting in the vehicle. Skala testified that no one would admit to driving the vehicle and that they all gave conflicting stories as to why they were there. Skala conducted a search of the vehicle and in the trunk he found three baseball bats, seven gloves and vitamin supplements. All of the items carried price tags showing that they were either from M.C. sports or Dick's Sporting Goods store. Underneath the vehicle's seats the officers found four pairs of bolt cutters. Skala explained that the bats and gloves inside the M.C. Sports store were individually secured by thick metal cables that could be cut with a pair of bolt cutters. Renner later discovered that several cables in her store had been cut.
 {¶ 7} On January 21, 2005, the jury found appellant guilty and he was sentenced to three years of community control. Appellant now appeals setting forth the following assignments of error:
 {¶ 8} "I. The state failed to adequately prove chain of custody for the items allegedly taken by defendant. Such a failure was highly prejudicial to appellant.
 {¶ 9} "II. The hearsay evidence as to the value of the stolen items was insufficient as a matter of law and admission of said evidence was prejudicial error.
 {¶ 10} "III. The trial court abused its discretion by allowing the state to present a witness that it failed to disclose although said witness could have reasonably been anticipated as being necessary. In addition, the testimony of the witness was inadmissible hearsay.
 {¶ 11} "IV. The errors asserted by appellant in the first, second and third assignments of error amount to a cumulative error.
 {¶ 12} "V. The trial court committed reversible error when it denied appellant's motion for acquittal.
 {¶ 13} "VI. The state failed to provide sufficient evidence as a matter of law to support the verdict.
 {¶ 14} "VII. The verdict was against the manifest weight of the evidence."
 {¶ 15} In his first assignment of error, appellant contends that the state failed to prove a proper chain of custody for the items appellant allegedly took from M.C. Sports.
 {¶ 16} The trial court has broad discretion in the admission of evidence into proceedings. State v. Noling,98 Ohio St.3d 44, 2002-Ohio-7044. Evid.R. 901 provides that "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." A chain of custody is part of the authentication and identification mandate set forth in the rule, and the state has the burden of establishing the chain of custody of a specific piece of evidence before it can be admitted at trial. State v.Brown (1995), 107 Ohio App.3d 194, 2001. The burden on the state for establishing a proper chain of custody was set forth inState v. Blevins (1987), 36 Ohio App.3d 147, 150:
 {¶ 17} "Although the state bears the burden of establishing a proper chain of custody, that duty is not absolute. The state need only establish that it is reasonably certain that substitution, alteration or tampering did not occur. Moreover, breaks in the chain of custody go not to the admissibility of evidence, but to the weight afforded it." (Citations omitted.) Accord State v. Barzacchini (1994), 96 Ohio App.3d 440. A chain of custody may be established by direct testimony or by inference. State v. Conley (1971), 32 Ohio App.2d 54, 62.
 {¶ 18} Appellant contends that the state failed to prove that the items found in the vehicle were stolen from M.C. Sports. Appellant notes that one of the items found in the trunk was from a different store and that appellant was never charged with the theft of that item.
 {¶ 19} We find appellant's argument to be without merit. At trial, Officer Skala identified state's exhibit No. 1 as the baseball glove appellant was carrying when he came out of the store. Officer Skala also identified state's exhibit No. 2, a box containing two baseball gloves and two baseball bats, as the items he found in the trunk of the car appellant was attempting to enter. Renner identified both exhibits as her merchandise through the item's SKU numbers. Absent any evidence that the merchandise was tampered with or altered after it was taken from appellant, we cannot say that the court erred in admitting the exhibits. Appellant's first assignment of error is found not well-taken.
 {¶ 20} In his second assignment of error, appellant contends that the court erred in admitting the hearsay testimony of Officer Skala. Specifically, appellant contends that the court erred in allowing Skala to testify as to the value of the stolen items by reading the amounts on the price tags.
 {¶ 21} Hearsay is defined as an out-of-court statement "offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C). R.C. 2913.61(E)(1) states, "personal property held for sale at retail, the price at which such property was held for sale is prima-facie evidence of its value."
 {¶ 22} In State v. Jackson (Jan. 25, 1990), 8th Dist. No. 56494, a one-count indictment for theft specifically stated the value of the property as being more than $300 but less than $5000. This was the value of property necessary to prove a felony of the fourth degree. R.C. 2913.02(B). Three witnesses for the state testified that the value of the property was more than $300, and the actual property was introduced into evidence. State's exhibit No. 1 was a box of clothing the defendant was accused of stealing from a store. A store cashier testified that she personally added up the price tags of the clothing in the box and that it came to "$314 something." A store security guard testified that she added up the price tags on the clothes at the police station and the total price was $314.50. A police detective testified that he also added up the price of the clothes to $314.50.
 {¶ 23} On appeal, the defendant argued that the testimony regarding the value of the stolen merchandise amounted to inadmissible hearsay. The Eighth District Court of Appeals disagreed citing R.C. 2913.61(E)(1) which states: "personal property held for sale at retail, the price at which such property was held for sale is prima-facie evidence of its value." The court, in overruling the defendant's assignment of error, stated:
 {¶ 24} "In this case, the price tags were prima-facie evidence of the clothes' value. Thus, no hearsay problem exists as to the price tags. The testimony of the witnesses relating to the value of the property was within their personal knowledge obtained by adding up the price tags. We find no error in allowing this testimony."
 {¶ 25} See, also, State v. Edwards (June 13, 1991), 2nd Dist. No. 2755, ("Price tags are accompanied by sufficient indicia of trustworthiness to be admissible as an exception to the hearsay rule. If there is any reason to believe that the price showing on the price tag is erroneous, the defendant is free to contradict that evidence with evidence of his own concerning the retail price of the items in question.")
 {¶ 26} We agree with the reasoning of the Jackson andEdwards courts and accordingly, we find appellant's second assignment of error not well-taken.
 {¶ 27} In his third assignment of error, appellant contends that the court erred in allowing the testimony of a rebuttal witness. The witness was Jennifer Rank, a Wood County Clerk of Court's employee. The state called her as a witness to verify the date of appellant's son's birthday. Testifying from an official court record, she stated that appellant's son was born on October 11, 1983. Appellant contends that it was error to allow her testimony because her name was not previously disclosed in discovery and because her testimony amounted to inadmissible hearsay.
 {¶ 28} We can only assume that this information was considered relevant by the state because appellant had claimed he recently purchased the glove for his son's birthday. Given the fact that the state was able to show that no one had purchased such a glove from a local M.C. Store in eight months, evidence that appellant's son's birthday was six months before appellant's arrest is largely irrelevant, and admission of Rank's testimony into evidence was harmless error at best. Appellant's third assignment of error is found not well-taken.
 {¶ 29} In his fourth assignment of error, appellant contends that the errors he alleges were committed in his first, second and third assignments of error are cumulative and merit reversal. Having found in appellant's first, second and third assignments of error that no errors were committed, appellant's fourth assignment of error is found not well-taken.
 {¶ 30} Appellant's fifth and sixth assignments of error will be addressed together. In his fifth assignment of error, appellant contends that the court erred in denying his Crim.R. 29 motion for acquittal. In his sixth assignment of error, appellant contends that the evidence was insufficient to sustain his verdict.
 {¶ 31} Crim.R. 29(A) provides that the trial court shall enter a judgment of acquittal "if the evidence is insufficient to sustain a conviction of such offense or offenses." Thus, "the test an appellate court must apply when reviewing a challenge based on a denial of a motion for acquittal is the same as in reviewing a challenge based upon on the sufficiency of the evidence to support a conviction." State v. Thompson (1998),127 Ohio App.3d 511, 525.
 {¶ 32} In reviewing a sufficiency of the evidence claim, the relevant inquiry is whether any rational factfinder, viewing the evidence in a light most favorable to the state, could have found all the essential elements of the crime proven beyond a reasonable doubt. State v. Jones (2000), 90 Ohio St.3d 403,417, 2000-Ohio-187, citing Jackson v. Virginia (1979),443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560, and State v. Jenks
(1991), 61 Ohio St.3d 259, paragraph two of the syllabus. "On review for sufficiency, courts are to assess not whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction." Statev. Thompkins, 78 Ohio St.3d 380, 390.
 {¶ 33} The elements of receiving stolen property are set out in R.C. 2913.51, which provides:
 {¶ 34} "(A) No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense.
 {¶ 35} "* * *.
 {¶ 36} "(C) * * * If the value of the property involved is five hundred dollars or more and is less than five thousand dollars * * * receiving stolen property is a felony of the fifth degree."
 {¶ 37} Appellant contends that the state failed to prove that he had anything to do with the items found in the trunk. At most, appellant contends, he was found in possession of only one glove that was worth less than $500.
 {¶ 38} Actual physical possession of stolen property is not a requisite of the offense of receiving stolen property. A conviction may be based on the accused's constructive possession of the property. Constructive possession exists when an individual exercises dominion and control over an object, even though that object may not be within his immediate physical possession. State v. Wolery (1976), 46 Ohio St.2d 316.
 {¶ 39} The evidence shows that appellant entered the store with two other people. According to Renner, the three men matched the description of a group of shoplifters that had previously stolen baseball equipment from another M.C. Store. Appellant left the store with a glove he did not purchase. After appellant and his companions left the store, management found that some security cables in the baseball section of the store had been purposely cut. Immediately after leaving the store, appellant attempted to get into a car that contained bolt cutters and stolen baseball equipment from the store. Based on the foregoing, we find that sufficient circumstantial evidence existed to support a finding that appellant knowingly retained the property in the trunk. Appellant's fifth and sixth assignments of error are found not well-taken.
 {¶ 40} In his seventh assignment of error, he contends that the verdict was against the manifest weight of the evidence. "Weight of the evidence" refers to the jury's resolution of conflicting testimony. State v. Thompkins, supra at 387. In determining whether a verdict is against the manifest weight of the evidence, the appellate court sits as the "thirteenth juror" and "* * * weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Id. at 387.
 {¶ 41} Appellant contends that the jury would never have convicted appellant had the court properly excluded inadmissible hearsay evidence. Once again, we have previously determined that the trial court did not err in admitting what appellant contends is "hearsay." The jury in this case weighed the state's evidence and assessed the credibility of the state's witnesses in determining whether appellant committed the offense. After reviewing all the evidence in this case, we cannot say that the jury lost its way and created a manifest miscarriage of justice by finding appellant guilty of receiving stolen property. Appellant's seventh assignment of error is not well-taken.
 {¶ 42} On consideration whereof, the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Mark L. Pietrykowski, J. Arlene Singer, P.J. Dennis M. Parish,J. Concur.