OPINION *Page 2 
{¶ 1} Appellant Kimberly S. Call appeals the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, convicting and sentencing her for one count of theft, a felony of the fifth degree, in violation of R.C. 2913.02. The appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND THE CASE {¶ 2} The underlying facts were not in dispute. Appellant was charged with felony theft for stealing merchandise from a Kohl's retail store. The Court was presented with facts and evidence that appellant took two Sears bags into the store and stuffed "19 items" of clothing in those bags without paying for them. When apprehended by store security appellant admitted that she took the items without paying for them. The items had price tags totaling five hundred sixty-six dollars. ($566.00). Appellant was found guilty after entering into stipulations and a bench trial. The Prosecution and Defense agreed and stipulated that the retail value for the items was $566.00.
 {¶ 3} The Court took under advisement the legal briefs and memorandum filed by each side. Appellant argued that the items of clothing should be valued at their replacement value instead of their retail sale price. If they were, then appellant was guilty of only a misdemeanor theft offense. By Judgment Entry filed May 1, 2007, the trial court found that the retail price tags on each item were indicative of the value and, therefore, the trial court found that appellant had committed a felony offense in that the total value of the nineteen items was five hundred sixty-six dollars. ($566.00). *Page 3 
 {¶ 4} The trial Court specifically found that the "fair market value" as defined in Ohio Revised Code 2913.61(D) (3) is the sale price of the retail property. The court further noted that the sale tag is prima facie evidence of the sale price.
 {¶ 5} On June 19, 2007, the trial court sentenced appellant to two years of probation and community control sanctions and ordered her to fulfill 20 hours of community services.
 {¶ 6} It is from that decision and sentencing entry that the appellant has timely appealed raising as her sole assignment of error:
 {¶ 7} "I. THE PROPER ASSESSMENT OF VALUE OF MERCHANDISE STOLEN FROM A RETAIL STORE IS REPLACEMENT VALUE PURSUANT TO R.C. 2913.61(D) (2)."
 I. {¶ 8} In her sole assignment of error, appellant contends that the State failed to prove that the clothing was valued at more than $500.00 because the State used the retail price rather than the replacement cost of the clothing. We disagree.
 {¶ 9} A "theft offense" is defined in R.C. 2913.02 as follows:
 {¶ 10} "(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:
 {¶ 11} "(1) Without the consent of the owner or person authorized to give consent;
 {¶ 12} "(2) Beyond the scope of the express or implied consent of the owner or person authorized to give consent; *Page 4 
 {¶ 13} "(3) By deception;
 {¶ 14} "(4) By threat;
 {¶ 15} "(5) By intimidation.
 {¶ 16} "* * *
 {¶ 17} "(2) Except as otherwise provided in this division or division (B) (3), (4), (5), (6), (7), or (8) of this section, a violation of this section is petty theft, a misdemeanor of the first degree. If the value of the property or services stolen is five hundred dollars or more and is less than five thousand dollars or if the property stolen is any of the property listed in section 2913.71 of the Revised Code, a violation of this section is theft, a felony of the fifth degree. . . ."
 {¶ 18} There is no dispute that appellant was guilty of committing a theft offense when she attempted to leave the store with the nineteen items of clothing concealed in a shopping bag. The only issue is how to value the stolen merchandise.
 {¶ 19} The guidelines for determining value are set forth in R.C.2913.61(D). That section provides:
 {¶ 20} "The following criteria shall be used in determining the value of property or services involved in a theft offense:
 {¶ 21} "(1) The value of an heirloom, memento, collector's item, antique, museum piece, manuscript, document, record, or other thing which has intrinsic worth to its owner and which is either irreplaceable or is replaceable only on the expenditure of substantial time, effort, or money, is the amount which would compensate the owner for its loss. *Page 5 
 {¶ 22} "(2) The value of personal effects and household goods, and of materials, supplies, equipment, and fixtures used in the profession, business, trade, occupation, or avocation of its owner, which property is not covered under division (D) (1) of this section, and which retains substantial utility for its purpose regardless of its age or condition, is the cost of replacing such property with new property of like kind and quality.
 {¶ 23} "(3) The value of any property, real or personal, not covered under division (D) (1) or (2) of this section, and the value of services, is the fair market value of such property or services. As used in this section, `fair market value' is the money consideration which a buyer would give and a seller would accept for property or services, assuming that the buyer is willing to buy and the seller is willing to sell, that both are fully informed as to all facts material to the transaction, and that neither is under any compulsion to act."
 {¶ 24} The Ohio Supreme court has reviewed R.C. 2913.61(D) and concluded: "[t]here are three methods for valuing property under this section which correspond to three different descriptions, or classifications of property. In order to value an item in any given case the logical approach is to compare it in successive order with each of the descriptions. When the description which matches it is reached, the corresponding method of valuation should be used." State v. Chaney
(1984), 11 Ohio St.3d 208, 210, 465 N.E.2d 53, 55.
 {¶ 25} Division (D) (1) pertains to heirlooms and other items of intrinsic or unusual worth. It is readily apparent that the clothing stolen in the case at bar does not meet these qualifications. *Page 6 
 {¶ 26} Division (D) (2) covers personal effects, household goods, and material, supplies, equipment and fixtures used in the profession, business, trade, occupation or avocation of the owner. Such property must not have been covered under division (D) (1) and must be of a kind which retains substantial utility for its age and condition. The corresponding method of valuation is the cost of replacing the items with new ones of like kind and quality. This is the method advocated by the appellant in the case at bar. Appellant argues that the State erroneously relied upon the fair market value of the clothing. Appellant contends that the proper value of the clothing was its replacement value.
 {¶ 27} Appellant does not elaborate upon how clothing held for sale to the public by a retail sales establishment meets the definition of "material, supplies, equipment and fixtures used in the profession, business, trade, occupation or avocation of the owner." The clothing certainly cannot be classified as a "trade fixture" within the contemplation of this section of the statute. See, e.g. State v.Musson (May 28, 1981), 8th Dist. No. 42800. Nor can it be said that the merchandise qualifies as "supplies or equipment." "Material" used in a business, trade or occupation would not encompass items held out to the public for sale, as said items would not be "used" in the business, trade or occupation.
 {¶ 28} R.C. 1.42 requires that all words and phrases (contained in a statute) be read in context and construed according to the rules of grammar and common usage. Here the common usage of the items held for sale by a retailer would be found in Division (D) (3). *Page 7 
 {¶ 29} Division (D) (3) covers items held for retail sale to the public. The value of such is the fair market value of such property or services. Fair market value is the price a buyer is willing to buy and the seller is willing to sell at in an arms-length transaction.
 {¶ 30} R.C. 2913.61 further provides for the type of evidence that may be used to establish the value of the gods or services:
 {¶ 31} "(E) Without limitation on the evidence that may be used to establish the value of property or services involved in a theft offense:
 {¶ 32} "(1) When the property involved is personal property held forsale at wholesale or retail, the price at which the property was held for sale is prima-facie evidence of its value." (Emphasis added).
 {¶ 33} Accordingly, the retail, as opposed to replacement, value is the correct measure of the price of personal property held for resale. "The price listed on sales tags to clothing has been found to be prima facie evidence of the clothing's value. State v. Speigner (Apr. 12, 1984), Cuyahoga App. No. 47171, unreported. In State v. Fields (1973),35 Ohio App. 2d 140, 64 O.O.2d 248, 300 N.E.2d 207, the Hamilton County Court of Appeals, in construing the former analogous theft statute, held that the value of goods offered for sale to the public could be demonstrated by evidence as to the price at which such property is offered to and purchased by the market at the time in question."State v. Cunningham (1990), 67 Ohio App.3d 366, 368, 587 N.E.2d 310,311. See, also, State v. Rodriguez, 6th Dist. No. WD-05-026, 2006-Ohio-2121 at ¶ 25.
 {¶ 34} In the case at bar, the parties stipulated that the total price for the nineteen items of clothing was five hundred sixty-six dollars. (T. at 5-6). The parties further *Page 8 
stipulated that this figure was arrived at by adding together the individual price tags for each item. (T. at 6-7).
 {¶ 35} We find the proper assessment of value for the stolen merchandise to be the fair market value in accordance with R.C.2913.61(D) (3). Accordingly, we find no error in the trial court's determination of value in the case at bar.
 {¶ 36} Appellant's sole assignment of error is overruled.
 {¶ 37} For the foregoing reasons, the Judgment of the Court of Common Pleas of Tuscarawas County is affirmed. By: Gwin, J., Hoffman, P.J., and Edwards, J.,
 Gwin, J., Hoffman, P.J., and Edwards, J., concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the Judgment of the Court of Common Pleas of Tuscarawas County is affirmed. Costs to appellant. *Page 1