JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Carla Carson ("defendant"), appeals her convictions for two counts of theft. After reviewing the facts of the case and pertinent law, we affirm.
 {¶ 2} On February 8, 2007, defendant was observed at Dillards department store in Strongsville, Ohio, via surveillance video cameras operated by Dillards loss prevention officer Gary Narolewski. Narolewski saw defendant conceal a perfume gift set in her shopping bag and put a handful of jewelry in her pocket. Narolewski notified the authorities and Strongsville Police Officer Curtis Fields detained defendant as she left the store. Strongsville Police Officer Peter Iorillo inventoried the store merchandise defendant had with her. The Dillards price tags, which were still on the items, totaled $542.47. Defendant did not have receipts or other proof of purchase for the items.
 {¶ 3} On April 14, 2007, defendant was again observed at Dillards in Strongsville by loss prevention officer Robert Drabiak, who was working the surveillance cameras at the time. Drabiak noticed defendant walking through the store carrying large, empty Dillards bags and looking at the security cameras. Defendant next appeared on camera with one of the bags full of merchandise. Drabiak was unsure if defendant purchased any items, nonetheless, he notified the authorities. Strongsville Police Officer Ryan Phillip Damore confronted defendant, who did not have receipts for the merchandise in her bags. Defendant struggled with Damore; however, he was able to apprehend her. *Page 4 
 {¶ 4} Defendant was indicted for one count of theft in violation of R.C. 2913.02(A)(1) for the February offense, and one count of robbery in violation of R.C. 2911.02(A)(3) for the April offense. The cases were consolidated and tried before a jury on November 15, 2007. Defendant was found guilty of theft as indicted for the February offense and guilty of the lesser included offense of theft for the April offense. The court sentenced defendant to 18 months in prison, to be served consecutive to a one-year prison sentence she received for another offense. SeeState v. Carson, Cuyahoga County Common Pleas Court Case No. CR-496787.[1]
 {¶ 5} Defendant now appeals, raising four assignments of error for our review.
 {¶ 6} "I. The indictment for robbery failed to contain the culpable mental state required to be found by the grand jury and which constitutes a structural error requiring the conviction of the lesser-included offense of it to be vacated and the charge dismissed."
 {¶ 7} Defendant argues that the Ohio Supreme Court's holding inState v. Colon, 118 Ohio St.3d 26, 2008-Ohio-1624 ("Colon I") applies to her case, rendering her indictment for robbery defective. Colon I stands for the proposition that indictments charging defendants with robbery in violation of R.C. 2911.02(A)(2) are defective unless the mens rea of "recklessness" is included. Subsequent to the filing *Page 5 
of defendant's appellate brief in the instant case, the Ohio Supreme Court clarified its opinion in Colon I, stating that "[i]n most defective-indictment cases in which the indictment fails to include an essential element of the charge, we expect that plain-error analysis, pursuant to Crim. R. 52(B), will be the proper analysis to apply."State v. Colon, 119 Ohio St.3d 204, 205, 2008-Ohio-3749 ("ColonII"). Additionally, in State v. Dzelajlija, Cuyahoga App. No. 91115,2009-Ohio-1072, we extended the Colon-line of reasoning to robbery under R.C. 2911.02(A)(3), which is the subsection of the robbery statute that defendant was charged with in the instant case.
 {¶ 8} However, we distinguish the instant case from those withinColon's ambit because defendant was not convicted of robbery; rather, she was found guilty of the lesser included offense of theft. Generally,Colon I and II do not apply to theft charges, as long as the indictment mirrors the statutory language, because the mental state required for committing theft, "knowingly," is expressly stated in the statute. See R.C. 2913.02(A)(1) stating that "[n]o person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways: (1) without consent of the owner or person authorized to give consent * * *." See, also, State v. Smith, Slip Opinion No. 2007-0268,2009-Ohio-787 (holding that "when an indictment charges a greater offense, `the indictment or count necessarily and simultaneously charges the defendant with lesser included offenses as well.' Thus, because theft is a lesser *Page 6 
included offense of robbery, the indictment for robbery necessarily included all of the elements of all lesser included offenses * * *").
 {¶ 9} In the instant case, defendant was properly indicted for, and found guilty of, theft. The court properly instructed the jury on the theft charge, including an in-depth explanation of theft as a lesser included offense of robbery, as well as a detailed definition of the mental state, "knowingly." Accordingly, as defendant was not convicted of robbery, we find no plain error in the indictment.
 {¶ 10} Assignment of Error I is overruled.
 {¶ 11} "II. The trial court erred when it denied appellant's motion for acquittal under Crim. R. 29 because the State failed to present sufficient evidence to establish beyond a reasonable doubt the elements necessary to support the convictions."
 {¶ 12} When reviewing sufficiency of the evidence, an appellate court must determine "[w]hether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, at syllabus.
 {¶ 13} In the instant case, defendant was convicted of two counts of theft, which is defined in R.C. 2913.02(A)(1) as: "No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways: (1) without consent of the owner or person authorized to give consent * * *." *Page 7 
 {¶ 14} At trial, Narolewski testified that on February 8, 2007, he was monitoring defendant via video surveillance cameras, when she took a perfume gift set from the cosmetics counter and put it in her bag. Narolewski next observed defendant take a handful of jewelry from the jewelry counter, put it in her pocket, and walk away. Narolewski next observed defendant leave the store without paying for these items. Narolewski's testimony was accompanied by a showing of the videotape detailing the events.
 {¶ 15} Officer Fields testified that when he apprehended defendant outside of Dillards on February 8, 2007, she had a cologne gift set in her bag and three pieces of jewelry in her pocket. Officer Iorillo testified that he took inventory of the items defendant had with her when Officer Fields apprehended her, and he found the following: "* * * three pieces of jewelry. A bracelet, earrings, necklace, a few pairs of jeans, a few shirts, a sweat suit set, and two cologne sets." The Dillards price tags, which were still on all of the items, totaled $542.47. Defendant did not have receipts or other proof of purchase for these items.
 {¶ 16} Drabiak testified that he was working the security cameras in Dillards on April 14, 2007, when he saw defendant walking through various departments in the store with empty Dillards bags, "looking around at the cameras. Turning this way and that way * * *." When defendant walked out of the "Big and Tall men's department," one bag that she was carrying was full. Drabiak testified that he was trained to look for suspicious activity, such as people with empty bags, people who *Page 8 
constantly look around to see if they are being watched, and people who stop at a cash register as "a ploy." Drabiak's testimony was accompanied by a viewing of the videotape from the Dillards security camera.
 {¶ 17} Officer Damore testified that he stopped defendant as she was exiting Dillards and heading toward the parking lot, told her of the shoplifting complaint, and walked her back toward the store. Officer Damore found several items of men's clothing in the Dillards bag defendant was carrying. Defendant did not have receipts for the items in the bag. Officer Damore also testified that as he was attempting to handcuff defendant, she struggled, elbowed him in the "body," and tried to get away, but he promptly caught and arrested her.
 {¶ 18} Under defendant's second assignment of error, she argues that the State did not sufficiently identify her as the person in the videotape. However, the record shows that Narolewski, Officer Fields, Officer Iorillo, and Drabiak made in-court identifications of defendant as the woman they either observed on the surveillance video or detained for theft. Furthermore, the State presented the videotape of defendant putting Dillards items in her bag and pockets, as well as the videotape of defendant engaging in what Drabiak referred to as suspicious behavior.
 {¶ 19} Additionally, defendant argues that the State did not present sufficient evidence of the merchandise's value. However, the record shows that Officer Iorillo inventoried the stolen items and listed the value according to the price tags. "The *Page 9 
price listed on sales tags to clothing has been found to be prima facie evidence of the clothing's value." State v. Cunningham (1990),67 Ohio App.3d 366, 368, citing State v. Speigner (Apr. 12, 1984), Cuyahoga App. No. 47171.
 {¶ 20} Construing this evidence in a light most favorable to the State, the jury could have concluded that defendant knowingly deprived Dillards of merchandise without the store's consent.
 {¶ 21} Assignment of Error II is overruled.
 {¶ 22} "III. Appellant was deprived of her constitutional rights by the admission of a property list that contained inadmissible hearsay and affected the outcome of her trial."
 {¶ 23} Ohio Evidence Rule 801(C) defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid. R. 802 states that hearsay is not admissible in court unless an exception to the rule applies. Evid. R. 803 lists exceptions to the rule against hearsay, and subsection (8) allows the admission of public records generally; however, it specifically excludes the admission of police reports unless offered by the defendant. In State v. Love, Lucas App. No. L-05-1087, 2006-Ohio-2925, the court found that "copies of police reports which listed items from the construction site reported stolen" were admissible pursuant to Evid. R. 803(8), because they "were not offered in order to demonstrate the truth of any matter `observed by police officers.'" In the instant case, it is undisputed that Officer *Page 10 
Iorillo, who complied the inventory list, did not observe defendant taking the merchandise. The inventory list was offered to show what was found on defendant's person after she exited Dillards on February 8, 2007. The videotape shows her taking some of the items on the list. Officer Fields and Officer Iorillo testified that the items on the list included everything found in defendant's bags and front pocket after she was detained. Given the additional evidence against defendant, any error the court may have made in admitting the inventory list would be harmless under Crim. R. 52(A), as the evidence was cumulative.
 {¶ 24} Assignment of Error III is overruled.
 {¶ 25} In defendant's fourth and final assignment of error, she argues that her "felony theft conviction is against the manifest weight of the evidence."
 {¶ 26} The proper test for an appellate court reviewing a manifest weight of the evidence claim is as follows:
 {¶ 27} "The appellate court sits as the `thirteenth juror' and, reviewing the entire record, weighs all the reasonable inferences, considers the credibility of witnesses and determines whether, in resolving conflicts in evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Thompkins (1997),78 Ohio St.3d 380, 387.
 {¶ 28} Defendant argues that the Dillards loss prevention officers had no direct contact with the woman they saw on the videotape, and the arresting police officers *Page 11 
did not observe defendant taking any store merchandise. Therefore, defendant argues, the jury lost its way and created a manifest miscarriage of justice when it convicted her of theft. However, based on our analysis of the evidence in defendant's second assignment of error, there is nothing in the record to support her contentions. Defendant was videotaped concealing Dillards merchandise and leaving the store on February 8, 2007. Additionally, she was videotaped carrying empty bags and otherwise looking suspicious on April 14, 2007. Three Strongsville Police Officers testified that they detained defendant after she left Dillards on these two days, and found her with no proof of purchase for the Dillards merchandise she had with her. Defendant's convictions were not against the manifest weight of the evidence. See State v.Tirabasso (Sept. 22, 2000), Geauga App. No. 99-G-2235, holding that "[o]nce a person transports merchandise without payment beyond the checkpoints, or in a manner designed to conceal the merchandise, he has exercised `control' over the merchandise and can be convicted of shoplifting under R.C. 2913.02(A)(1)."
 {¶ 29} Assignment of Error IV is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's *Page 12 
conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, P.J., and MARY JANE BOYLE, J., CONCUR
[1] Defendant is also appealing her conviction in Case No. 496787. See companion case, State v. Carson (Apr. 30, 2009), Cuyahoga App. No. 90975. *Page 1